### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

**HELON DOLLAR,**
    Plaintiff,

v.                                   Case No. 4:23-cv-1448-CLM

**WALMART STORES EAST LP,**
    Defendant.

### MEMORANDUM OPINION AND ORDER

    Helon Dollar sues Wal-Mart for injuries she suffered while shopping at a Wal-Mart store. Wal-Mart asks the court to grant summary judgment in its favor on all counts. (Doc. 16). For the reasons explained below, the court **GRANTS** Wal-Mart's motion.

### BACKGROUND

    1. *Dollar's fall*: Helon Dollar shops at the Wal-Mart in Springville, Alabama. One day, Dollar went to Wal-Mart to return and buy shoes. After picking a pair of shoes, Dollar sat on a bench to try them on. No one took a picture of the actual bench Dollar sat on, but all agree that the back of the bench backed up to a wire rack that, if attached, could hinder the bench from sliding. Here's a similar bench and rack system:



While sitting on the bench, Dollar leaned forward to remove a shoe. The bench tilted forward, and Dollar fell. Dollar reported the incident at the store's service desk. In response, Assistant Manager Traci Argo called a "Code White" to alert employees (including Manager Glenn Smith) of the in-store accident. Argo then investigated the incident.

2. *Safety sweep*: Wal-Mart uses several policies to ensure in-store safety and rewards employees for stretches of time without an in-store injury. Wal-Mart's safety team meets twice a month and its management team meets every morning to discuss safety priorities and tour the store looking for safety issues. Maintenance personnel conduct safety tours three to four times a day. And associate employees routinely perform "safety sweeps" in their departments. Two safety sweeps occurred in the shoe department on the morning of Dollar's accident. No one noticed a problem with the bench.

3. *The lawsuit*: Dollar claims Wal-Mart acted negligently or wantonly in failing to create a safe environment. Wal-Mart argues that Dollar lacks sufficient evidence to survive summary judgment on either theory.

## JURISDICTION

The court has diversity jurisdiction because (a) Dollar is domiciled in Alabama while Wal-Mart is domiciled in Delaware and Arkansas and (b) Dollar seeks more than $75,000 in damages. *See* 28 U.S.C. § 1332.

## DISCUSSION

Dollar pleads negligence and wantonness but "concedes that there is not substantial evidence of wantonness." (Doc. 20, p.6). So the court **GRANTS** summary judgment for Wal-Mart on wantonness and looks only for sufficient evidence of negligence on Dollar's premises liability claim.

To prove negligence under Alabama law, Dollar must show duty, breach of duty, causation, and damages. *Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002). Under the breach and causation elements, Wal-

Mart argues that Dollar fails to present evidence to prove three necessary facts: (1) the shoe bench was defective; (2) Wal-Mart knew or should have known the shoe bench was defective; and, (3) the defect caused Dollar's injury. While the parties point to evidence that may or may not support a finding of defect and causation, there is *no* evidence that Wal-Mart knew about a defect. Knowing this, Dollar relies on Alabama caselaw to argue this court must *presume* notice when deciding whether to grant a Rule 56 motion for summary judgment. The court starts by explaining in Part 1 why this state-law presumption does not apply; then in Part 2, the court applies federal law to explain why Dollar cannot prove notice.

## I.   Rule 56, not Alabama caselaw, determines whether Dollar provides enough evidence to avoid summary judgment.

A. *Substantive law*: The court sits in diversity, so it applies the substantive law of Alabama. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1310 (11th Cir. 2005). Relevant here, under Alabama law, Dollar was Wal-Mart's invitee. *Ex parte Kraatz*, 775 So. 2d 801, 803 (Ala. 2000). Wal-Mart owes invitees like Dollar a duty to "use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that by use of ordinary care, the danger can be avoided." *McClurg v. Birmingham Realty Co.*, 300 So. 3d 1115, 1118 (Ala. 2020)).

That said, there is no presumption of negligence or defect stemming from the fact that Dollar fell off a shoe bench and was injured. *See Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000). Instead, Dollar must **prove** that Wal-Mart had actual or constructive notice that its bench was defective before Dollar sat on it. *Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 100 (Ala. 2003); *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). Dollar must offer proof that Wal-Mart knew its bench was defective because "[t]he entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's

3

injuries." *Quillen v. Quillen*, 388 So. 2d 985, 989 (Ala. 1980). If Wal-Mart did not know of a defect, Wal-Mart cannot have had "superior knowledge" that results in liability. *Id.*

Everyone agrees on this recitation of *substantive* Alabama law. The rub comes from applying federal Rule 56 to that law.

B. *Procedural law*: Dollar argues that to defeat a summary judgment motion, she doesn't need to offer any proof that Wal-Mart knew or should have known that the shoe bench was defective—as long as she offers some evidence that the bench was defective. To support this argument, she points to the Alabama Supreme Court's decision in *Mims v. Jack's Rest.*, 565 So. 2d 609 (Ala. 1990), in which the court held that "once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury, then the question whether the defendant had actual or constructive notice of the defect will go to the jury, regardless of whether the plaintiff makes a prima facie showing that the defendant had or should have had notice of the defect at the time of the accident." *Id.* at 610.

But the "*Mims* presumption" against granting summary judgment is a procedural rule, not a substantive one. Though in an unpublished opinion, the Eleventh Circuit confronted this issue when a Target shopper argued that *Mims* allowed her to avoid summary judgment even though she had no evidence that Target knew that the depression of its sliding door threshold could cause a shopper to fall. Because it is directly on point, the court quotes the Circuit Court's discussion in full:

> We assume without deciding that Goggans created a jury question as to whether she was injured because of a defective condition—a metal threshold at a store entrance with a difference in level greater than 1/4 inch when its inboard portion was depressed by force—when leaving the Target store in April 2017. Summary judgment was still appropriate, however, because it's undisputed that Target lacked actual notice and no reasonable jury could conclude

4

that it 'should have had notice of the defect before the time of the accident.' *Hale,* 612 So. 2d at 1164.

Goggans responds that no such evidence of notice was necessary to avoid summary judgment under *Mims*, which she says governs premises-liability cases involving defective conditions that are fixtures or part of the premises, such as a door threshold. So in her view, the district court applied the wrong legal standard when it granted summary judgment based on her failure to proffer evidence that Target had superior knowledge of the condition of the threshold. According to *Mims*, Goggans asserts, that issue was for the jury.

The central flaw in Goggans's argument is the assumption that Alabama state law determines whether she presented sufficient evidence to get to a jury in federal court. Because this is an action in diversity, *see* 28 U.S.C. § 1332, state substantive law determines the elements of her negligence claim and the materiality of evidence.

But 'the sufficiency of evidence to require jury submission in diversity cases is a question of federal law.' *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969)[1]; *see Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1323–24 (11th Cir. 1982) ('[F]ederal law controls questions of the sufficiency of the evidence in state law claims.'). State-court decisions on issues of evidentiary sufficiency for trial aren't 'binding in the Rule 56/summary judgment sense,' even if they ordinarily will guide the analysis of federal courts when determining whether the facts before them present a genuine issue for trial. *Carlson*, 787 F.3d at 1326–27 (resolving an appeal consistent with a state appellate court decision because the facts in the federal case 'closely parallel[ed] the facts' in the state case, and the

5

> state appellate court applied a summary-judgment standard "very similar" to Rule 56).
>
> Because the question of 'whether a trial is necessary is a matter of federal law,' *Lighting Fixture & Elec. Supply*, 420 F.2d at 1213, the district court didn't err by failing to treat *Mims* as binding in this case. Nothing in *Mims* purports to change state substantive law regarding what Goggans must prove to prevail on her claim. *See id.* It merely said that the issue of whether a defendant has actual or constructive notice 'will to go the jury' 'once a plaintiff has made a prima facie showing that a defect in a part of the premises has caused an injury.' *Mims*, 565 So. 2d at 611. To prevail on her negligence claim, a jury still would have to conclude that Target 'had or should have had notice of the defect at the time of the accident.' *See id.* ('[T]he question whether Jack's should have known that the threshold was defective was a question for the jury.'). Under federal summary-judgment standards, therefore, it was appropriate to require Goggans to show that a jury could reasonably infer such notice should the case proceed to trial. *See Allen,* 121 F.3d at 646 ('Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.').

*Goggans v. Target Corp.*, 2021 WL 5298900, at *2-3 (11th Cir. Nov. 15, 2021) (highlight added).

    Following the Circuit's lead, this court will (a) ignore the state-law *Mims* presumption and instead (b) apply federal Rule 56 by deciding whether Dollar presents enough evidence to allow a reasonable juror to decide that Wal-Mart had notice that its shoe bench was defective before Dollar sat on it.

6

## II.  Dollar offers no evidence that would allow a reasonable juror to find that Wal-Mart knew about a defect.

Dollar argues that the bench was defective because it was not attached to the rack behind it. Even if that amounts to a defect—a point that Wal-Mart strongly contests—Dollar relies on the *Mims* presumption because she has no evidence that Wal-Mart knew that the bench was not attached and thus was more likely to fall forward when used.[1]

No one saw Dollar fall. No one took a picture or video Dollar's fall. No one inspected the bench before Dollar's fall. Nor did either side produce a picture or video of the bench before, during, or after the fall. So there is no evidence that would allow a juror to find that Wal-Mart knew the bench was insecure before Dollar sat on it.

To the contrary, Wal-Mart points to undisputed facts that cut against notice. The store manager testified that, in the previous five years, no other person had fallen from any of the store's benches, nor had anyone been injured while on a bench. (Undisputed facts #27, 29). Nor could he remember any bench becoming unhooked or detached from the rack behind it. (Undisputed fact #28). Wal-Mart maintenance personnel and store associates walked the store multiple times a day looking for possible safety issues, and no one saw a detached bench—even though that alleged defect would be visible. (Undisputed facts #33-36).

Further, Dollar testified that she didn't notice anything wrong with the bench when she sat on it, and she could not say whether the bench was unattached before she fell or became unattached *because* she leaned forward and fell:

> Q. But sitting here today, do you know whether the bench was unattached before it flipped forward or if, during the incident, it became unattached?

---

[1] Wal-Mart argues that the bench did not need to be attached to a rack to be secure. Rather, the bench was secure from tipping over because—like all chairs and benches—it had four legs.

7

> A. No, ma'am, I can't answer that.
>
> Q. Before the incident, did you observe that the bench was unattached to the back?
>
> A. No, ma'am.
>
> Q. Did you observe anything about the bench before you sat on it that caused you concern?
>
> A. No, ma'am.
>
> Q. Did the bench appear uneven to you before you sat on it?
>
> A. No, ma'am.

(Doc. 17-3, p. 27).

In short, even if the bench were defective, there is no evidence that Wal-Mart knew or should have known about the defect. As a result, the court finds that no reasonable juror could find that Wal-Mart had a "superior knowledge of the danger" that Dollar claims injured her. *Quillen* 388 So. 2d at 989. Applying federal Rule 56, the court must therefore grant Wal-Mart summary judgment on Dollar's negligence claim.

## CONCLUSION

For these reasons, the court **GRANTS** Wal-Mart's motion for summary judgment on wantonness and negligence. (Doc. 16). Because paragraphs 6 and 9 of Tracy Argo's affidavit (doc. 19-1) do not address the issue of Wal-Mart's notice of a defect before the fall, the court **DENIES** Wal-Mart's motion to strike those paragraphs as moot. (Doc. 21).

The court will enter a separate order consistent with this opinion that grants Wal-Mart judgment and closes this case.

**DONE** and **ORDERED** on March 31, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE